IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFEWAY INC.; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; and HEB GROCERY COMPANY, LP,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-05470 CW<br><br>ORDER DENYING DEFENDANT ABBOTT LABORATORIES' MOTION TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL<br>(Docket No. 137) |
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; and LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-05985 CW<br><br>(Docket No. 233) |
| RITE AID CORPORATION; RITE AID HDQTRS CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC. D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; and CAREMARK LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-06120 CW<br><br>(Docket No. 126) |

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE, | No. C 07-05702 CW |
| Plaintiff, | (Docket No. 199) |
| v. | |
| ABBOTT LABORATORIES, | |
| Defendant. | |

Defendant Abbott Laboratories moves for an order certifying an interlocutory appeal of three issues:

1. Whether Plaintiffs have properly stated a predatory pricing antitrust claim even though they admittedly have not satisfied the standard set forth by the Supreme Court in linkLine, which requires allegations of a dangerous probability of recoupment and below-cost pricing for the retail product in the challenged market?

2. Whether Plaintiffs have properly stated a refusal-to-deal antitrust claim without any actual refusal to deal in the challenged market, based on the allegation that the combined pricing of products in two separate markets makes it difficult for rivals to compete?

3. Whether Plaintiffs can state an antitrust claim based on a theory that Abbott charged a low (but not below-cost) price for Norvir to discourage innovation by rivals?

Def.'s Mot. at 1. Plaintiffs oppose the motion. The motion was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court DENIES Abbott's motion.

BACKGROUND

On January 12, 2010, the Court denied Abbott's motion to dismiss, which was based in large part on John Doe 1 v. Abbott Laboratories, 571 F.3d 930 (9th Cir. 2009), and Pacific Bell Telephone Co. v. Linkline Communications, Inc., ___ U.S. ___, 129 S. Ct. 1109 (2009). In Doe, the Ninth Circuit considered whether,

2

under the Doe plaintiffs' monopoly leveraging theory, Abbott violated section 2 of the Sherman Act, 15 U.S.C. § 2, through its conduct in pricing Norvir and Kaletra.[1]  571 F.3d at 932-33.  The court held that the plaintiffs' theory, which did not include allegations of an antitrust duty to deal or below-cost pricing, was the "functional equivalent" of the price squeeze theory rejected by the Supreme Court in Linkline.  Id. at 934-35; see also Linkline, 129 S. Ct. at 1114.  In Linkline, the Supreme Court addressed "whether a plaintiff can bring price-squeeze claims under § 2 of the Sherman Act when the defendant has no antitrust duty to deal with the plaintiff."  129 S. Ct. at 1116-17.  The Court rejected the plaintiffs' theory, holding that "the price-squeeze claims . . . are not cognizable under the Sherman Act."  Id. at 1123.

Here, it is alleged, among other things, that Abbott violated § 2 by engaging in predatory pricing of a bundled product and by breaching its antitrust duty to deal.  Because Plaintiffs here do not base their claims on the monopoly leveraging or price squeeze theories addressed in Doe and Linkline, the Court rejected Abbott's argument that those cases barred Plaintiffs' antitrust claims.  The Court also rejected Abbott's arguments that Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP, 540 U.S. 398 (2004), and MetroNet Services Corp. v. Qwest Corp., 383 F.3d 1124 (9th Cir. 2004), preclude the antitrust duty to deal claims.

---

[1] In Doe, the parties agreed that, as a condition of settlement, Abbott would take an interlocutory appeal of the Court's decisions.  571 F.3d at 932.

3

LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must involve a "controlling question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l,

4

Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

## DISCUSSION

Abbott does not meet its burden to show that an interlocutory appeal is warranted. First, an appeal will not materially advance the ultimate termination of this litigation. On the contrary, an immediate appeal is likely to delay, rather than advance, the end of these cases. Dispositive motions are scheduled to be heard this summer, with trial calendared for February, 2011. Abbott suggests that the trial would not be materially delayed because the Ninth Circuit would hear an appeal on an expedited basis and might decide before the trial date. Abbott's assertions do not persuade the Court. As Plaintiffs correctly note, an interlocutory appeal could only materially advance the ultimate termination of this litigation

5

if the Ninth Circuit accepts the appeal and rules in favor of Abbott on all the above-mentioned issues. Further, at least with regard to GSK, resolution of these issues does not address all claims asserted against Abbott. Thus, litigation would nevertheless continue.

Second, Abbott does not establish a substantial ground for difference of opinion. As it did in its omnibus motion to dismiss, Abbott insists that Doe and Linkline control the outcome of this case. However, as explained further in the Court's Order on the motion to dismiss, neither of those cases addressed the antitrust theories proffered by Plaintiffs in their amended complaints. Abbott quotes a portion of Doe, which states, "However labeled, Abbott's conduct is the functional equivalent of the price squeeze the Court found unobjectionable in Linkline." 571 F.3d at 935. This statement is taken out of context. In the section preceding the language Abbott quotes, the Ninth Circuit stated:

> Does try to distance themselves from Linkline on the footing that their claim is for monopoly leveraging, not price squeezing, and that Abbott provides products to consumers in both the booster and boosted markets whereas AT & T provided products in retail and wholesale markets. We understand the difference, but it is insubstantial. However labeled, Abbott's conduct is the functional equivalent of the price squeeze the Court found unobjectionable in Linkline.

Id. The Court reads this discussion to address the Doe plaintiffs' attempt to distinguish monopoly leveraging from price squeezing, not to immunize Abbott from liability under any antitrust theory. The Ninth Circuit did not rule on the theories proffered by Plaintiffs here and, as a result, Doe does not apply.

Abbott also argues that the Court's prior orders demonstrate a substantial ground for difference of opinion. However, like Doe

6

and Linkline, those orders addressed different antitrust theories and positions taken by the parties at that time. Although Plaintiffs' claims arise from the same series of acts as those complained of in Doe, their allegations and theories materially differ.

Abbott vehemently disagrees with the Court's reading of various cases, including Trinko and MetroNet. However, Abbott's contrary reading of authority is not enough to create a substantial ground for difference of opinion justifying an interlocutory appeal.

CONCLUSION

For the foregoing reasons, the Court DENIES Abbott's motion for certification of an interlocutory appeal. (Case No. 07-05470, Docket No. 137; Case No. 07-05985, Docket No. 233; Case No. 07-06120, Docket No. 126; Case No. 07-05702, Docket No. 199.) Dispositive motions are scheduled to be filed on July 30, 2010, with a hearing on the motions set for September 30, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: June 1, 2010

CLAUDIA WILKEN
United States District Judge