IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFEWAY INC.; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; and HEB GROCERY COMPANY, LP,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-05470 CW<br><br>ORDER DENYING CUSTOMER PLAINTIFFS' MOTION TO DIVIDE TRIAL INTO TWO PHASES AND DEFENDANT'S MOTION FOR ORDER SHORTENING TRIAL, RULING ON MOTIONS IN LIMINE AND DIRECTING PARTIES TO FILE FURTHER BRIEFING ON JURY INSTRUCTIONS<br>(Docket Nos. 265 and 299) |
| MEIJER, INC. & MEIJER DISTRIBUTION, INC.; ROCHESTER DRUG CO-OPERATIVE, INC.; and LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-05985 CW<br><br>(Docket Nos. 368 and 401) |
| RITE AID CORPORATION; RITE AID HDQTRS CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC. D/B/A BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; and CAREMARK LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant.<br>_____/ | No. C 07-06120 CW<br><br>(Docket Nos. 245 and 279) |

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE,<br><br>      Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant. | No. C 07-05702 CW<br><br>(Docket No. 354) |

As discussed at the final pre-trial conference, held on February 8, 2011, the Court DENIES Customer Plaintiffs' motion to divide the trial into two phrases and Abbott's motion for an order shortening the trial's length. The parties' cases-in-chief shall conclude by March 17, 2011, and legal arguments will be addressed on March 18, 2011, after which the trial will be adjourned until March 24, 2011. On March 24, the jury will be given its final instructions and the parties may make their final arguments.

By February 14, 2011, the parties may file additional briefing regarding any changes, required by law, to the February 11, 2011 version of the preliminary jury instructions. GSK and Customer Plaintiffs may file a single brief, not to exceed five pages. Abbott may also file a brief, not to exceed five pages.

By February 16, 2011, the parties shall exchange information concerning which subject areas will be discussed by their expert witnesses. At trial, the parties shall not proffer cumulative expert witness testimony.

Finally, by February 16, 2011, the parties shall file a joint statement concerning their efforts toward settlement. Specifically, the joint statement shall address GSK's participation in mediation with Dr. Eric D. Green. The statement shall not

exceed two pages.

The Court rules on the parties' motions in limine as follows:

**Plaintiffs' Motions in Limine**

1. Preclude Abbott from introducing evidence of or making argument concerning Mick Kolassa's "Commercial Reasonableness" analysis

   GRANTED. Kolassa shall not use the phrase "commercial reasonableness," but he may offer expert testimony relevant to the appropriate legal standards.

2. Preclude Abbott from introducing evidence of or making argument concerning Joel Hay's opinion regarding relevant market definition

   DENIED. Hay will be subject to cross-examination, during which Plaintiffs may attempt to challenge his opinions.

3. Preclude Abbott from introducing evidence of or making argument concerning Richard Gilbert's opinion on the issues of anticompetitive conduct and effects

   DENIED. Gilbert will be subject to cross-examination, during which Plaintiffs may attempt to challenge his opinions.

4. Preclude Abbott from offering opinions of Richard Gilbert concerning monopoly bundling

   DENIED, with respect to the motion's first and second subparts; GRANTED with respect to the third. Gilbert's opinion regarding "selling, general and administrative" costs does not have sufficient indicia of reliability. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

5. Preclude Abbott from introducing evidence of or making argument concerning Douglas Richman's opinions or testimony

   DENIED. However, Abbott may not reveal that he previously served as an expert witness for Plaintiffs, unless they challenge Richman's qualifications as an expert. Richman may testify as an expert witness only if his opinions are not cumulative of those presented by Abbott's other testifying expert witnesses. Richman may testify as a fact witness, to the extent he has personal knowledge of the matters to which he will testify.

6. Preclude Abbott from introducing evidence of or making argument concerning Joel Hay's prior legal work for GSK

   GRANTED. Hay's prior legal work for GSK, apparently in AIDS Healthcare Foundation v. GlaxoSmithKline, PLC, is not relevant to this action, so long as Plaintiffs do not challenge Hay's

3

qualifications as an expert. Abbott does not demonstrate that this evidence is otherwise probative; the circumstances of that case are not before the Court.

7. Preclude Abbott from arguing that the lack of a pricing term in the license agreement bars GSK's claim under the implied covenant of good faith and fair dealing

   GRANTED. However, Abbott may proffer evidence that a pricing term was not present in the Norvir license agreement and argue the relevance of that fact.

8. Preclude Abbott from introducing evidence or making argument to the effect that Norvir's initial price did not reflect its value as a booster

   DENIED, except Abbott shall not proffer testimony or discovery that it has not previously disclosed.

9. Preclude Abbott from arguing that Plaintiffs contend Kaletra was priced too low

   DENIED. Plaintiffs may argue that Abbott's representation of their theory is incorrect.

10. Preclude Abbott from arguing that its patents provide it an unfettered right to price Norvir as it wishes

    GRANTED. However, Abbott may proffer evidence that it has a patent over Norvir and argue consistently with the law, as instructed by the Court.

11. Preclude Abbott from introducing evidence or arguing that the Norvir price increase is justified because it spent the proceeds on research and development or used the proceeds in any other way

    DENIED. However, such evidence would be relevant only if Abbott also offers evidence that any such use was its reason for the price increase.

12. Preclude all parties from introducing evidence of or making argument concerning legal proceedings involving any of the related parties that have no connection to the Norvir price increase

    GRANTED.

13. Preclude Abbott from introducing evidence of or arguing whether others have or have not sued it in response to the Norvir price hike

    GRANTED.

14. Preclude Abbott from introducing evidence or making argument barred by <u>Illinois Brick Co. v. Illinois</u>, 431 U.S. 720 (1977), and its progeny

    GRANTED.

**Abbott's Motions in Limine**

1. Bar expert opinion on Abbott's intent or state of mind

    GRANTED, as phrased. However, expert witnesses may opine as to their interpretation of facts.

2. Bar references to the FDA warning letter

    DENIED. The letter is hearsay subject to the exception provided in Federal Rule of Evidence 803(8)(C). <u>Sullivan v. Dollar Tree Stores, Inc.</u>, 623 F.3d 770 (9th Cir. 2010), does not require a contrary conclusion; the FDA letter does not offer pure legal conclusions, nor does it lack trustworthiness. Although the letter does not constitute a final agency action on which the FDA can be sued, it "communicates the agency's position on a matter." Food & Drug Admin., <u>Regulatory Procedures Manual</u> at 4-1-1. <u>Toole v. McClintock</u> is also distinguishable; the letter does not contain only "'proposed findings.'" 999 F.2d 1430, 1434 (11th Cir. 1993). Also, the portions of the letter addressing the misleading cost chart are relevant, for instance, to Abbott's arguments concerning the need to raise the price of Norvir. Because only portions are relevant, only a version of the letter, with irrelevant material redacted, may be proffered. Alternatively, the parties may stipulate to facts concerning the letter or Plaintiffs may proffer one of Abbott's "Correction of Drug Information" letters, which were posted to the norvir.com website on or about November 30, 2004. If Plaintiffs wish to proffer one of these posted letters, irrelevant information must be redacted.

3. Bar testimony beyond expertise of GSK expert

    GRANTED. Dolan shall not testify beyond his expertise in marketing.

4. Exclude suggestion that development of any drug was halted as a result of the Norvir repricing

    GRANTED, but Plaintiffs may offer evidence that Norvir price increase reduced incentives for innovation in the boosted PI market.

5. Exclude "HIV Communications Plan" prepared by third party public relations firm

    DENIED, so long as Plaintiffs lay a foundation to show that statements in the document can be considered admissions by

|   | Abbott. See Fed. R. Evid. 801(d)(2). |
|---|---|
| 6. | Exclude Cascade calculations based on costs that would be avoided by cessation of production of lopinavir/Kaletra |
|   | DENIED. Plaintiffs' experts will be subject to cross-examination, during which Abbott may attempt to challenge their opinions, which are not contrary to law. |
| 7. | Exclude Norvir "overcharges" as not "flowing from" that which allegedly made Abbott's pricing anticompetitive |
|   | DENIED. Abbott does not establish, as a matter of law, that the alleged Norvir overcharges did not flow from its alleged anticompetitive conduct in the boosted PI market. Customer Plaintiffs' theory is that they were required to pay a "penalty price" to purchase Norvir for use with a boosted PI. This price, Customer Plaintiffs argue, was part of Abbott's alleged anticompetitive conduct in the boosted PI market. |
| 8. | Exclude evidence and arguments about "overcharge" damages because Plaintiffs failed to segregate between lawful and unlawful pricing levels |
|   | DENIED. The jury shall decide whether it can, with certainty, determine damages based on Plaintiffs' calculations. |
| 9. | Exclude evidence and arguments about GSK's purported "lost profits" damages because GSK failed to segregate between losses due to lawful and unlawful conduct |
|   | DENIED. The jury shall decide whether it can, with certainty, determine damages based on Plaintiffs' calculations. |
| 10. | Bar reference to publications about the repricing |
|   | GRANTED IN PART as unopposed and DENIED IN PART. Plaintiffs state that they will not proffer as part of their case-in-chief the Wall Street Journal article to which Abbott objects. Plaintiffs, however, may proffer publications for a non-hearsay purpose or those that fall within an exception to the hearsay rule. |
| 11. | Bar references to Abbott wealth, including salaries |
|   | GRANTED. |
| 12. | Exclude Dr. Leffler's damages calculations because he admitted they were unreliable due to errors and data gaps |
|   | DENIED. By February 11, 2011, Plaintiffs are to provide a final supplement to their disclosures concerning Dr. Leffler's damages calculations and the related assignments. If necessary, Abbott may re-depose Dr. Leffler. |

13. Exclude GSK's alternative restitution theory

    DENIED, so long as GSK offers at trial a previously disclosed damages calculation that quantifies the partial restitution to which it is entitled based on Abbott's alleged partial breach.

14. Bar argument that public payors were harmed

    DENIED.

15. Preclude references to a "task force" that was never created

    DENIED.

16. Bar speculation that patients were harmed

    GRANTED. Although speculation may not be offered, Plaintiffs may offer either competent expert opinion or direct evidence of harm to patients.

17. Exclude suggestion that pricing above marginal cost is evidence of monopoly power.

    DENIED. Pricing above marginal cost may be a factor to be considered in determining whether monopoly power exists, so long as the pricing is also supracompetitive.

18. Bar references to prior litigation arguments

    DENIED. Arguments related to the parties' prior views of Kaletra, as a bundled product or not, are relevant because they were raised in Doe v. Abbott Laboratories, which concerned the same facts as these cases.

    IT IS SO ORDERED.

Dated: February 11, 2011

CLAUDIA WILKEN
United States District Judge