| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,

    Plaintiff,

  v.

ABBOTT LABORATORIES,

    Defendant.
_____/

No. C 07-5702 CW

ORDER ON TIMING AND
LIMITATIONS ON
SUPPLEMENTAL EXPERT
DISCOVERY

(Docket No. 617)

    The above-captioned matter comes before the Court on the parties' joint administrative motion to resolve their dispute regarding timing and limitations on supplemental expert discovery. The parties have three main areas of disagreement: (1) whether supplemental reports should be mandatory for all expert witnesses; (2) the scope of those reports and expert witness testimony at trial; and (3) the schedule for expert discovery.

    First, the parties dispute whether non-damages experts should be required to submit supplemental reports. GSK argues that for some experts, the developments since the last trial had only limited impact on their opinions, and that those experts should be able to elaborate on their opinions in light of new data and events without filing a supplemental report. Abbott argues that Rule 26 of the Federal Rules of Civil Procedure requires the experts to set forth "a complete statement of all opinions the witness will express and the basis and reasons for them," including "the facts or data considered by the witness in forming them." Thus, Abbott contends, supplemental reports are necessary for all experts, even for witnesses whose

testimony is not greatly impacted by developments since the last trial.  The Court agrees with Abbott, finding no basis to depart from the Federal Rules in this instance.  Each party is entitled to a complete report of the opposing party's expert witnesses.  If the intervening years' data has only "limited impact" on an expert's opinion, the opposing party is entitled to be informed of that information.  Furthermore, pretrial disclosures will assist in avoiding preventable surprises and delays during trial.

Second, the parties disagree on the scope of supplemental expert reports and the scope of expert witness testimony at trial.  Both parties agree to permit experts to utilize updated market data and the Court agrees that this is appropriate.  The parties disagree on what theories an expert will be able to offer.  In the discussion of this question during the January 7 Pretrial Conference, the Court explained its view that the experts' testimony need not be frozen in time and that the experts may update their reports and testimony to account for updated market data.  However, exercising its discretion, the Court also held that experts would be confined to testifying to previously-disclosed theories.  In its motion, GSK interprets the Court's statement as holding that the parties are precluded from presenting entirely new theories that are inconsistent with the theories already offered, or, in other words, the parties may present new theories, as long as they are consistent with previously-disclosed theories.  This broadens the Court's ruling.  Expert witnesses will not be permitted to testify to entirely new theories, even those that are consistent with previously-offered testimony. Supplemental reports are limited to updating prior disclosed opinions based only on relevant market events that occurred since the 2011

trial. Such a limitation is reasonable and furthers the expeditious and fair resolution of this dispute. Furthermore, GSK has not shown that such a limitation on expert testimony will result in manifest injustice or prejudice. See Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1450 (10th Cir. 1993).

Finally, the parties were unable to agree to a schedule on expert discovery. The parties have not established any reason to deviate from the dates already set by the Court and, accordingly, the Final Pretrial Conference (FPC) remains set for April 8, 2015. Pursuant to the Court's standing order, the parties must exchange (but not file) Daubert motions and Motions in Limine 28 days prior to the FPC, or March 11, 2015. The filing deadline for the motions is two weeks prior to the FPC, or March 25, 2015, with opposition briefing due 7 days after filing, that is, April 1, 2015. The Court sets the following additional dates, in order to permit the parties to complete the necessary discovery in advance of the already-established dates: Supplemental Expert Reports shall be due on February 27, 2015. Rebuttal Reports, if any, shall be due on March 11, 2015. The parties may conduct depositions of any experts providing supplemental or rebuttal reports from March 11-20, 2015.

IT IS SO ORDERED.

Dated: February 17, 2015

CLAUDIA WILKEN
United States District Judge

3