IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,

    Plaintiff,

  v.

ABBOTT LABORATORIES,

    Defendant.
_____/

No. C 07-5702 CW

ORDER ON OBJECTIONS TO JURY INSTRUCTIONS AND VERDICT FORM

(Docket Nos. 616 and 618)

On January 23, 2015, the Court issued an order with appended jury instructions and verdict form and permitted the parties to file objections thereto. Docket No. 614. Defendant Abbott filed three objections. Docket No. 616. Plaintiff GlaxoSmithKline (GSK) filed a response. Docket No. 618. Having considered the arguments of counsel, the Court now resolves each objection in turn.

Abbott's first objection involves the deletion of references to proximate cause from the proposed verdict form and final jury instructions for the state law causes of action. In response, GSK states that it does not oppose reinserting those references to the extent that the language tracks that of the 2011 instructions and verdict form. Because GSK does not object to the reinsertion of the references to proximate cause, the Court will amend the verdict form and jury instructions accordingly.

Abbott's second objection relates to the Court's instructions and verdict form question regarding part two of the unfair and deceptive trade practices claim. Question C.1.b of the verdict form asks whether "Abbott inequitably asserted its power over Norvir by increasing Norvir's price by 400 percent to undermine competition faced by Kaletra from other drugs, including GSK's Lexiva." Abbott argues that this language permits the jury to find that Abbott engaged in unfair and deceptive trade practices if it finds that Abbott unfairly exercised monopoly power to undermine competition in the marketplace, regardless of whether Abbott specifically targeted Lexiva. GSK responds that the current language is accurate and permits the jury to find for GSK if it finds that Abbott targeted both Lexiva and Reyataz. This was a topic of the discussion at the January 7, 2015 pretrial conference and the Court held that the instructions and verdict form need not mention other competitors' drugs. Language describing part three of the unfair and deceptive trade practices claim has already been revised to reflect that ruling; the Court will now sustain Abbott's second objection and revise part two of this claim to conform the language to the Court's ruling and to language on part three of the claim.

Abbott's third objection relates to the Court's omission of Abbott's proposed instruction on detrimental reliance. As GSK shows in its response, Abbott has previously made this argument and the Court has already considered and rejected it. The Court thus overrules Abbott's third objection, for the reasons previously stated on the record, including the Court's November

24, 2014 order denying Abbott's renewed motion for judgment as a matter of law. Docket No. 591.

Final versions of the preliminary jury instructions, the final jury instructions and the verdict form are attached to this order.

Dated: February 20, 2015

CLAUDIA WILKEN
United States District Judge